*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-298

JANUARY TERM, 2012

| | | |
|---|---|---|
| James Ghia | } | APPEALED FROM: |
| | } | |
| | } | Property Valuation and Review |
| | } | Division |
| v. | } | |
| | } | |
| | } | |
| Town of Ludlow | } | DOCKET NO. PVR 2010-24 |

In the above-entitled cause, the Clerk will enter:

Taxpayer appeals the state appraiser's decision assessing his real property. We affirm.

The subject property consists of a house and yard items situated on 93 acres of land near the Okemo Mountain Ski Area. As part of the 2010 grand list, the Town of Ludlow assessed the property at $1,177,400—$252,300 for the house, $13,600 for the yard items, and $911,500 for the land. The town's property card further apportioned the land value by assigning $500,500 to the two-acre home site and $411,000 to the 91 acres of "excess" land. Taxpayer appealed the assessment to the town listers and then the board of civil authority, to no avail. He then appealed to the state appraiser, who upheld the overall assessment in a decision rendered following a site visit and an evidentiary hearing.

At the hearing, taxpayer challenged that part of the assessment valuing the two-acre home site at $500,500. Taxpayer's expert offered three comparable properties with respect to only the two-acre home-site component of the assessment. The comparables were recent sales of unimproved lots between 1.4 and 2.7 acres in size. Averaging the sales prices for the lots, the expert argued that the home-site component of the subject property should have been assessed at $210,000 rather than $500,500. One of the two listers who testified on behalf of the Town argued that taxpayer's three comparables were not valid because they were individual unimproved lots in neighborhoods far removed from the ski area. He noted that the Town appraised the 93-acre property as a whole, but was required by the State to break down the assessment by acreage and home site. He contended that, to the extent the home site was valued too high, the overvaluation should be applied to the value given to the other 91 acres, thereby maintaining the town's overall assessment of land value. The Town offered as a comparable a 34-acre trailside site selling for $800,000 in 2006, and also mentioned a 2010 trailside property selling in 2010 for $1,200,000. Taxpayer's expert contested the 2006 sale by noting that the Town had made no direct comparisons or value adjustments between that sale and the subject property. The state appraiser accepted both the Town's and taxpayer's comparables.

Following the hearing and a site visit, the state appraiser issued a decision upholding the Town's assessment of the property. He ruled that the value of the two-acre home site "had been established by the offered appraisal at $210,000," but because taxpayer's expert offered no evidence to support lowering the Town's assessed value for the property as a whole, "the land value of $911,500 reflects the market value." Accordingly, the state appraiser upheld the $1,177,400 assessment for the subject property.

On appeal, taxpayer argues that there was no evidence to support increasing the assessed value of the "excess" land beyond what was stated on the town's property card, and thus the state appraiser acted arbitrarily by increasing that value to the same extent he reduced the assessed value of the home site. We find this argument unavailing.

"The touchstone for property tax valuations is fair market value." Sondergeld v. Town of Hubbardton, 150 Vt. 565, 567 (1988); see also 32 V.S.A. § 4467 (providing that "the appraiser or court shall proceed de novo and determine the correct valuation of the property"). "Once the taxing authority has met its burden to produce evidence of initial valuation, the taxpayer retains the burden as to contested issues under 32 V.S.A. § 4467." Sondergeld, 150 Vt. at 568; see also id. ("To prevail, a taxpayer must show an arbitrary or unlawful valuation."). "Although de novo review under § 4467 presumes the validity of the taxing authority's decision 'only until the taxpayer produces some evidence to the contrary,' this does not mean that the court ultimately owes no deference to the decision of the administrative agency." Mollica v. Div. of Prop. Valuation & Review, 2008 VT 60, ¶ 8, 184 Vt. 83 (quoting Town of Victory v. State, 2004 VT 110, ¶ 18, 177 Vt. 383).

Here, the state appraiser accepted taxpayer's contention that the land value of the two-acre home site, as indicated in the property card, was too high but concluded that the Town had provided adequate support for its valuation of the property as a whole to sustain its assessment and that taxpayer had failed to produce evidence sufficient for him to reduce the assessment. The town lister testified that the subject property's value was calculated by developing schedules derived from sales over the previous three-year period. Applying this direct sales approach, the Town offered a comparable property with respect to the entire subject property. The state appraiser found the comparison to be limited, but nonetheless accepted it. In contrast, taxpayer offered no comparable properties with respect to the entire subject property, but rather rested on its reasoning that if the home site is overvalued, it must be assumed that the assessment for the entire property is too high. On the other side, asserting that the Town's assessment of the property as a whole was in line with town values using the direct sales approach, the town lister argued that any assumed overvaluation of the home-site component of the land value should not affect the overall assessed land value. The appraiser agreed in light of taxpayer's failure to offer evidence indicating that the property as a whole was overvalued.

We decline to overturn the state appraiser's judgment. The record does not demonstrate that the property as a whole is overvalued respective to comparable properties in the town. We acknowledge that § 4467's mandate for the appraiser to determine the correct value of "the property" is not inconsistent with "a valuation analysis that considers parts of the whole." Scott Constr., Inc. v. Newport Bd. of Civil Auth., 165 Vt. 232, 237 (1996) (rejecting taxpayers' argument that city violated § 4467 by partitioning property for appraisal purposes). But this does not suggest that a taxpayer automatically prevails in a property tax appeal merely by showing that one component of a town's assessment is overvalued. Ultimately, the state appraiser must determine whether the subject property as a whole is fairly assessed in relation to other

properties within the town.  Indeed, the part of Rule 82-1 of the Division of Property Valuation and Review specifically addressing § 4467 requires the state appraiser to "review the listed valuation of an entire contiguous parcel of land together with all buildings and fixtures thereon," and further provides that "[t]he erroneous valuation of a portion of the property by the board of civil authority or listers shall not be disturbed where the listed value of the property as a whole is correct."  Vt. Dep't of Taxes, Div. of Prop. Valuation and Review, A Handbook on Property Tax Assessment Appeals 44 (rev. 2009), at http://www.sec.state.vt.us/municipal/ tax_appeal_handbook_2007.pdf. There has been no showing that the appraiser erred in this respect here.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Brian L. Burgess, Associate Justice


_____
Beth Robinson, Associate Justice

3